# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41709
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 13, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ROBERTO OBREGON, also known as "Minutitos",

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 5:12-CR-224-5

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Jose Roberto Obregon appeals his guilty plea conviction for conspiracy to export firearms in violation of 18 U.S.C. § 371 and § 554 and 22 U.S.C. § 2778. Obregon challenges the district court's denial of his motions to withdraw his guilty plea. He argues that he should be permitted to withdraw his guilty plea based on his claim of poor communication with his attorney and a claim of actual innocence made more than two years after his guilty plea.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41709

This court reviews the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. McKnight*, 570 F.3d 641, 645 (5th Cir. 2009). The district court's decision must be accorded "broad discretion." *United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984).

A defendant may withdraw his guilty plea that the district court has accepted if "the defendant can show a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d)(2)(B). In assessing whether there is a fair and just reason for the withdrawal of the guilty plea, the court must consider seven factors: (1) whether the defendant asserted his innocence; (2) whether the Government would suffer prejudice if the withdrawal motion was granted; (3) whether the defendant delayed in filing his withdrawal motion; (4) whether the withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available to the defendant; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. *Carr*, 740 F.2d at 343-44. The *Carr* factors are considered in the totality of the circumstances, and the district court is not required to make a finding as to each individual factor. *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003).

Obregon's complaints about his attorney implicate two *Carr* factors: whether the nature of his plea was knowing and voluntary and whether he had close assistance of counsel. Although Obregon broadly asserts that he had difficulty communicating with his attorney and the district court, the record reveals otherwise. The copiously detailed colloquy between the district court and Obregon at the rearraignment hearing and the initially scheduled sentencing hearing demonstrates a thorough discussion of Obregon's plea in plain language. On multiple occasions in open court, Obregon stated he understood the district court's plain language explanation. Moreover, the

district court reviewed the plea agreement with Obregon and specifically noted the detail-oriented hand-written changes to the plea agreement initialed and signed both by Obregon and his attorney. His attorney also noted that she had discussions of these points with Obregon. The record thus does not support Obregon's assertion that his plea was involuntary or that he lacked close assistance of counsel at the time of his plea.

Likewise, Obregon's claim of actual innocence is insufficient to merit withdrawal of his guilty plea, particularly considering that it came over two years after his guilty plea. Obregon's repeated admissions of guilt in writing and under oath in open court over the years easily outweigh his eleventh-hour claim of innocence. *Carr*, 740 F.2d at 344 (explaining that an assertion of innocence is far from sufficient to warrant withdrawal of a guilty plea and that "the longer a defendant delays in filing a withdrawal motion, the more substantial reasons he must proffer in support of his motion"); *see also United States v. Clark*, 931 F.2d 292, 295 (5th Cir. 1991) (explaining that an assertion of innocence, "absent a substantial supporting record will not be sufficient to overturn a denial of a motion to withdraw" (citing *Carr*, 740 F.2d at 344)).

Lastly, while Obregon was charged and convicted under, *inter alia*, 22 U.S.C. § 2778, the judgment incorrectly lists the statute of conviction as 22 U.S.C. § 2278. In light of this clerical error, we remand the case to the district court for the limited purpose of correcting the judgment to list the correct statute of conviction. FED. R. CRIM. P. 36.

AFFIRMED; LIMITED REMAND to correct clerical error in the judgment.